IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAIR NETWORKS, INC.,            )
                                )
      Plaintiff,               )
                                )
                                )    2:  12-cv-00896
    v.                        )
                                )
LIM CHENG SOON and              )
RICHERD CHAN,                   )
                                )
      Defendants.             )

**ORDER OF COURT**

On June 29, 2012, Plaintiff, pair Networks, Inc., brought this action against Defendants Lim Cheng Soon and Richerd Chan based on (i) their operation of http://www.pairmixer.com, (ii) providing a non-downloadable software application on the internet called "PAIRMIXER," and (iii) using PAIRMIXER as a twitter username.  pair Networks alleges that Defendants' use of the name PAIRMIXER and the domain name pairmixer.com and the twitter user name @pairmixer are confusingly similar to the trademarks of pair and to the PAIR Family of Marks and, therefore, Defendants' actions are in violation of the Lanham Act and constitute unfair competition and infringement of Plaintiff's trademark rights in violation of the common law of Pennsylvania.

The Summons and Complaint were served upon Defendants on July 3, 2012 via pre-paid U.S.P.S. Express Mail.  *See* Proof of Service, Document Nos. 4 and 5.  The Summons specifically instructed Defendants that they must serve on the Plaintiff an answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within twenty-one (21) days after service of the summons.  Defendants' answer due date was July 24, 2012.

Defendants never requested an extension of the deadline by which to respond to the Complaint, did not file an answer, motion, or any other response to the Complaint, never responded pro se, or had an attorney enter an appearance on their behalf.  Accordingly, on July 25, 2012, Plaintiff pair Networks requested the entry of Default for failure to plead or otherwise defend.  Without opposition, default was entered by the Clerk of Court on July 26, 2012.

Subsequently, pair Networks filed a Motion for Default Judgment against Defendants. Defendants did not file anything in response to the Motion for Default Judgment.  For the reasons stated below, the Motion for Default Judgment was granted by the Court on October 11, 2012. The Order, however, did not specify whether the relief sought by Plaintiff in the motion was also ordered.

Default judgment establishes the defaulting party's liability for the well-pleaded allegations of a complaint. *United States v. Gant*, 268 F. Supp.2d 29, 32 (D.D.C. 2003).  "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Comdyne I, Inc. v. Corbin*, 980 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).  In other words, a party's default is almost universally deemed an admission of the Plaintiff's well-pleaded allegations of fact pertaining to liability.  *See also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.")

The Court finds that pair Networks has sufficiently established Defendants' liability in this action.  Upon a full and deliberate review of Plaintiff's Complaint, with its attached twenty

(20) Exhibits, and the Motion for Default Judgment, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. This Court has personal jurisdiction over the parties and over the subject matter of this matter.

2. Plaintiff pair Networks, Inc., is a Pennsylvania corporation with its headquarters and doing business in Pittsburgh, Pennsylvania. pair Networks provides a full range of Web hosting services and goods related to web hosting. pair Networks has registered the Internet domain names *pair.com, pair.net,* and *pair.org*, among many other Internet domain names incorporating the pair name.

3. Defendant Lim Cheng Soon is an adult individual with an address of 46 Taylor Road, Georgtown Penang, 11600 Malaysia. Defendant Lim Cheng Soon has registered the domain name *pairmixer.com* in connection with providing a non-downloadable on-line software application known as PAIRMIXER and is the co-owner / developer of the non-downloadable on-line software known as PAIRMIXER.

4. Defendant Richerd Chan is an adult individual with an address of Contact Privacy, Inc., Customer 0127869142, 96 Mowat Avenue, Toronto Ontario M6K Canada, and is the co-owner / developer of the non-downloadable on-line software known as PAIRMIXER.

5. Since pair Networks pioneered the field of web hosting in 1995, it has grown to host hundreds of thousands of web sites and over one hundred thousand pairList mailing lists from customers from over 100 different countries. Plaintiff pair Networks has been and continues to be a leader in the web hosting field. pair Networks is now one of the largest privately-held and independently-operated web hosting providers in the world. pair Networks has thousands of Web servers located in Pennsylvania, Ohio, and Nevada. The servers of pair

Networks have over one (1) Petabyte (PB) of storage connected to the Internet and on a typical day deliver more than one billion Web hits per day via their servers.

6.     Plaintiff owns U.S. Service Mark Registration No. 2,172,950 for "PAIR NETWORKS" for "providing web page hosting services on a global computer information network;" Registration No. 2,490,582 for "PAIR NETWORKS" (stylized), and Registration No. 2,822,208 for "PAIR" for "hosting the web sites of others on a computer server for a global computer network."  Furthermore, Plaintiff is the owner of Registration No. 3,410,595 for "PAIRLITE" (stylized) for "providing webhosting services for others on a global computer information network," Registration No. 2,527,469 for "PAIRNIC" for "providing domain name registration services through a global computer network," and Registration No. 2,597,075 for "PAIRLIST" for "providing bulk email list hosting services for others on a global computer network,"  These registrations are valid, unrevoked, subsisting, and in full force and effect.

7.     Plaintiff's trademarks all contain the recognizable common characteristic of being composed of the word PAIR, alone or with other words.

8.     Due to long, extensive and substantially exclusive use by Plaintiff of its trademarks containing the common characteristic of the word PAIR, the public has come to associate not only Plaintiff's trademark with Plaintiff and its goods and services, but has also come to associate the common characteristic of the word PAIR with Plaintiff and its goods and services.

9.     Plaintiff has established a PAIR Family of Marks.  The trademarks comprising the PAIR Family of Marks are nationally and internationally known and associated with pair Networks' products and services, and are thus "famous" under 15 U.S.C. § 1125(d).

10.     After Plaintiff's trademarks and Family of PAIR marks achieved national and international fame:  (i) Defendants Soon and Chan registered the domain name *pairmixer.com* through the Registrar eNom, Inc., 5806 Lake Washington Blvd., Ste 300, Kirkland, Washington 98033, with legal contact available at legal@eNom.com, legal fax 1-425-298-2795, and (ii) Defendants Soon and Chan additionally registered and continue to use the twitter username @pairmixer.

11.     On or about June 4, 2012, upon learning of the use of PAIRMIXER by Defendants, pair Networks, through counsel, sent a cease and desist letter to Defendants.

12.     Despite notice that their activities infringe upon Plaintiff's valuable PAIR Family of Marks, Defendants continue to defiantly advertise, promote and distribute the PAIRMIXER mobile software application and the *pairmixer.com* web site in interstate commerce thus violating Plaintiff's valuable trademark rights and causing irreparable harm to Plaintiff.

13.     Upon receiving the cease and desist letter on June 4, 2012, Defendant Soon publicly re-tweeted from Defendant Chan's twitter feed:

" decisions decisions . . . cease and desist OR get sued."  5 June.
*See* Exhibit 20 to Complaint.

14.     Over the years, pair Networks has filed trademark infringement lawsuits against third parties who were using the formative PAIR whether or not closely related to the goods and services with which the PAIR Family of Marks is associated and marketed.  These enforcement efforts have been met with great success.

15.     In the case of *pair Networks, Inc. v. Shiloh Jennings*, d/b/a PAIRNET WEB HOSTING, the defendant registered the domain names *pairnet.com, pairnetwebhosting.com, and pairnetwebholding.net* and advertised web hosting services.  The Western District of

Pennsylvania entered a Consent Judgment permanently enjoining and restraining defendant from "using in any manner the domain names *pairnet.com, pairnetwebhosting.com, and pairnetwebholding.net* in connection with any internet service provider, software, or Internet related service." *See* Order of Court, December 9, 1999 (W. D. Pa. 1999, Smith, J). Defendant was further enjoined from "using the word 'pair,' in a trademark sense, in any language, nor through synonym nor homonym in connection with any Internet service provider, application service provider, software, or Internet related service."

16.   In the case of *pair Networks, Inc. v. PEAR.NET*, the defendant registered the domain name PEAR.NET and advertised that it was an "internet hosting web site." The Eastern District of Virginia made the specific finding that "defendant's use of pair violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)." *See* Slip Opinion, July 21, 2000 at 11 (E.D. Va. 2000). The district court specifically found that the pair marks were "nationally and internationally known and associated with pair Networks' products and services."

17.   In the case of *pair Networks v. Rodrigues*, the defendant registered the following Internet Doman Names: *pairsite.asia, pairdomains.com, pairmarketplace.com, paircertificates.com, pairemail.com, pairbusiness.com, pairsslcertifaictes.com, pairresellers.com, pairseo.com, pairvoip.com, pairmobile.com, pairwebsite.com, pairsupport.com, pairservers.com, pairregister.com, pairmultimedia.com, pairfax.com, paircorporation.com,* and *paircorporate.com*. The Western District of Pennsylvania found that each of these domain names was confusingly similar to pair's marks and enjoined and restrained Defendant from using in any manner each of the domain names and from using any domain name which is identical or confusingly similar to plaintiff's domain names *pair.com, pair.net, or pair.org*. *See* Consent Judgment, October 11, 2010 (W.D. Pa. 2010, Lancaster, J).

18.     In this case, the Court finds from the unrebutted allegations of the Complaint that the use of the name PAIRMIXER and the domain name *pairmixer.com* and twitter username @pairmixer by Defendants Soon and Chan are confusingly similar to pair's trademarks and to the PAIR Family of Marks and any use of such words in connection with any Internet service provider, software, or Internet related service is a violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114; constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), constitutes dilution of Plaintiff's marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and constitutes unfair competition and infringement of Plaintiff's trademark rights in violation of the common law of Pennsylvania.

19.     Making a downloadable software application for mobile computing devices available under the PAIR trademark is within the natural zone of expansion of the PAIR trademarks.

20.     Defendants' use of the name PAIRMIXER on temporary non-downloadable software infringes on the PAIR trademarks and infringes on the PAIR Family of Marks.

21.     Making a downloadable software application for mobile computing devices is within the natural zone of expansion of the PAIR Family of Marks.

22.     In accordance with eNom's Uniform Domain Name Dispute Resolution Policy (UDRP), ¶ 3b., eNom "will cancel, transfer or otherwise make changes to domain name registrations under the following circumstances:  a . . . receipt of written or appropriate electronic instructions from you or your authorized agent to take such action; b. our receipt of an order from a court or arbitral tribunal, in each case of competent jurisdiction, requiring such action . . . ."

23. In accordance with twitter's Trademark Policy, user names that violate a trademark holder's rights through unauthorized use will be suspended by twitter or released to the trademark holder.

24. Defendants, and all persons and entities in privity, combination, participation or acting in concert with Defendants, including but not limited to their agents, servants, employees, franchisees, distributors, licensees, successors, and assigns, attorneys, officers and directors, whether on behalf of any other business entity heretofore or hereafter created, are permanently enjoined and restrained from:

    i. using in any manner the marks PAIR or PAIRMIXER in connection with any Internet service provider, software, or Internet related service.

    ii. using any domain name which is identical or confusingly similar to Plaintiff's domain names *pair.com, pair.net,* or *pair.org*.

    iii. using the word "pair" in a trademark sense, in any language, or through synonym or homonym, connection with any Internet service provider, application service provider, software, or Internet related service; and

    iv. doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of Defendants' products or services, as to the source of the Defendants' Internet related products or services, or likely to deceive members of the public or trade, or prospective purchasers, into believing that there is some connection between Defendants and Plaintiff.

25. Within ten (10) days of the entry of this Order, Plaintiff shall:

   a. provide a copy of this Order to eNom to allow eNom to effectuate the transfer of control of the domain name *pairmixer.com* to pair Networks, Inc. in compliance with eNom's UDRP; and

   b. provide a copy of this Order to twitter so that twitter can release the @pairmixer user account to pair Networks, Inc. in compliance with twitter's Trademark Policy.

26. The Clerk of Court is directed to close this case permanently.

27. Each party shall bear its own costs and attorney's fees incurred as of the entry of this Order.

So **ORDERED** this 6th day of February, 2013.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Stanley D. Ference, III, Esquire
Ference & Associates
Email: courts@ferencelaw.com

Brian Samuel Malkin, Esquire
Ference & Associates LLC
Email: bmalkin@ferencelaw.com